# ~~CONFIDENTIAL~~ SETTLEMENT AND ~~GENERAL~~ RELEASE AGREEMENT

**WHEREAS**, Alfredo Velazquez ("Velazquez") and Pedro Castillo ("Castillo") (collectively "Plaintiffs") commenced an action against Il Fornello, LLC ("Il Fornello) on or about August 4, 2014, in the United States District Court for the Eastern District of New York (the "Court"), presently bearing Docket No. 14-CV-04444 (DRH)(ARL) (the "Action") alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL");

**WHEREAS**, Il Fornello filed its Answer on December 4, 2014, denying Plaintiffs' allegations, and has contended that Plaintiffs' allegations are unfounded and lack merit;

**WHEREAS**, Plaintiffs and Il Fornello (hereafter collectively referred to as the "Parties") desire to fully and finally resolve and settle in full all claims that Plaintiffs have, had, or may have against Il Fornello, including, but not limited to, all claims and issues that were or could have been raised by Plaintiffs, by way of this Confidential Settlement and General Release Agreement ("Agreement");

**WHEREAS**, Plaintiffs' counsel of record in the Action and Il Fornello's counsel of record in the Action have negotiated extensively in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiffs' claims and Il Fornello's defenses as well as the *bona fide* dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. In consideration of the payment to Plaintiffs by Il Fornello of the gross sum of Eight Thousand Five Hundred Dollars ($8,500) (the "Settlement Amount"), Plaintiffs hereby release and forever discharge Il Fornello, as well as Il Fornello's current and former owners,

0

managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, as well as anyone employed by or affiliated with Il Fornello, deemed by Plaintiffs to be an "employer" (including, but not limited to, Eliza Zitoli) both individually and in their official capacities, as well as Il Fornello's affiliates, predecessors, successors, subsidiaries, and other related companies (all of said individuals and entities referenced above are, with Il Fornello, hereinafter collectively referred to herein jointly and severally as "Releasees"), from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Plaintiffs, their heirs, executors, administrators, agents, successors, and assigns, have, had, or hereafter can have against Releasees, from the beginning of time to the date of this Agreement. Said release includes, but is not limited to, all claims set forth in the Action, all claims of unpaid compensation, improper notice, improper deductions, unpaid overtime, discrimination, wrongful discharge, harassment, retaliation, ~~negligence, and all tort, contractual, or statutory claims, claims arising under any federal, state, local, common law,~~ including ~~but not limited to,~~ all claims under the FLSA, NYLL, ~~Nassau County Human Rights Law, Title VII of the Civil Rights Act of 1964, New York State Executive Law, the Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Equal Pay Act, Americans with Disabilities Act, Family and Medical Leave Act, 42 U.S.C. Section 1981 and 1983, the Genetic Information Nondiscrimination Act, the Immigration Reform and Control Act, the Occupational Safety and Health Act, Labor Management Relations Act of 1947, and the National Labor Relations Act. This General Release shall include, without limitation, any and all claims relating to, or in any manner connected with Plaintiffs' employment with Il Fornello.~~

1

2. Within seven (7) business days of the date counsel for Il Fornello receives: (i) this Agreement, fully executed and signed by Plaintiffs before a notary; and (ii) the Stipulation of Dismissal ("Stipulation") in the form attached as "Exhibit A" signed by Plaintiffs' counsel of record in the Action, Il Fornello's counsel of record in the Action will sign the Stipulation, and Il Fornello's counsel will electronically file the executed Stipulation to the docket of the Action. The Parties will not file this Agreement with the Court, unless otherwise ordered by the Court.

3. Provided that: (i) the seven-day revocation period set forth in Paragraph 21 of this Agreement has expired without Plaintiffs' revocation; (ii) the Agreement is fully-executed by Plaintiffs and is signed by Plaintiffs before a notary; (iii) the Stipulation is executed by Plaintiffs' counsel of record in the Action; (iv) the executed and notarized Agreement, completed tax form W-4s for Plaintiffs, and the executed Stipulation are provided to Il Fornello; and (v) the Stipulation is So-Ordered by the Court, the Settlement Amount shall be paid as follows:

   (a) Within thirty (30) days of the Stipulation being So-Ordered by the Court:

   i. One (1) check from Il Fornello payable to "Alfredo Velazquez" in the gross amount of Five Hundred Dollars ($500), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged economic damages;

   ii. One (1) check from Il Fornello payable to "Alfredo Velazquez" in the total amount of Five Hundred Dollars ($500), representing payment of Plaintiff's claims for liquidated damages;

   iii. One (1) check from Il Fornello payable to "Pedro Castillo" in the gross amount of One Thousand Five Hundred Dollars ($1,500), less all

    applicable tax withholdings and deductions, representing payment for Plaintiff's alleged economic damages;

   iv. One (1) check from Il Fornello payable to "Castillo" in the total amount of One Thousand Five Hundred Dollars ($1,500), representing payment of Plaintiff's claims for liquidated damages;

(b)  Within sixty (60) days of the Stipulation being So-Ordered by the Court:

   i. One (1) check from Il Fornello payable to "Alfredo Velazquez" in the gross amount of Sixty Two Dollars and Fifty Cents ($62.50), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged economic damages;

   ii. One (1) check from Il Fornello payable to "Alfredo Velazquez" in the total amount of Sixty Two Dollars and Fifty Cents ($62.50), representing payment of Plaintiff's claims for liquidated damages;

   iii. One (1) check from Il Fornello payable to "Pedro Castillo" in the gross amount of One Hundred Dollars ($100), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged economic damages;

   iv. One (1) check from Il Fornello payable to "Castillo" in the total amount of One Hundred Dollars ($100), representing payment of Plaintiff's claims for liquidated damages;

   v. One (1) check from Il Fornello payable to "Neil H. Greenberg & Associates, P.C." in the total amount of Eight Hundred Dollars ($800),

3

representing payment of Plaintiff's claims for attorney's fees, costs, and expenses;

(c) Within ninety (90) days of the Stipulation being So-Ordered by the Court:

  i. One (1) check from Il Fornello payable to "Alfredo Velazquez" in the gross amount of Sixty Two Dollars and Fifty Cents ($62.50), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged economic damages;

  ii. One (1) check from Il Fornello payable to "Alfredo Velazquez" in the total amount of Sixty Two Dollars and Fifty Cents ($62.50), representing payment of Plaintiff's claims for liquidated damages;

  iii. One (1) check from Il Fornello payable to "Pedro Castillo" in the gross amount of One Hundred Dollars ($100), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged economic damages;

  iv. One (1) check from Il Fornello payable to "Castillo" in the total amount of One Hundred Dollars ($100), representing payment of Plaintiff's claims for liquidated damages;

  v. One (1) check from Il Fornello payable to "Neil H. Greenberg & Associates, P.C." in the total amount of Eight Hundred Dollars ($800), representing payment of Plaintiff's claims for attorney's fees, costs, and expenses;

(d) Within one hundred and twenty (120) days of the Stipulation being So-Ordered by the Court:

      i. One (1) check from Il Fornello payable to "Alfredo Velazquez" in the gross amount of Sixty Two Dollars and Fifty Cents ($62.50), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged economic damages;

      ii. One (1) check from Il Fornello payable to "Alfredo Velazquez" in the total amount of Sixty Two Dollars and Fifty Cents ($62.50), representing payment of Plaintiff's claims for liquidated damages;

      iii. One (1) check from Il Fornello payable to "Pedro Castillo" in the gross amount of One Hundred Dollars ($100), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged economic damages;

      iv. One (1) check from Il Fornello payable to "Castillo" in the total amount of One Hundred Dollars ($100), representing payment of Plaintiff's claims for liquidated damages;

      v. One (1) check from Il Fornello payable to "Neil H. Greenberg & Associates, P.C." in the total amount of Eight Hundred Dollars ($800), representing payment of Plaintiff's claims for attorney's fees, costs, and expenses;

(e) Within one hundred and fifty (150) days of the Stipulation being So-Ordered by the Court:

      i. One (1) check from Il Fornello payable to "Alfredo Velazquez" in the gross amount of Sixty Two Dollars and Fifty Cents ($62.50), less all

applicable tax withholdings and deductions, representing payment for Plaintiff's alleged economic damages;

ii. One (1) check from Il Fornello payable to "Alfredo Velazquez" in the total amount of Sixty Two Dollars and Fifty Cents ($62.50), representing payment of Plaintiff's claims for liquidated damages;

iii. One (1) check from Il Fornello payable to "Pedro Castillo" in the gross amount of One Hundred Dollars ($100), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged economic damages;

iv. One (1) check from Il Fornello payable to "Castillo" in the total amount of One Hundred Dollars ($100), representing payment of Plaintiff's claims for liquidated damages;

v. One (1) check from Il Fornello payable to "Neil H. Greenberg & Associates, P.C." in the total amount of Eight Hundred Dollars ($800), representing payment of Plaintiff's claims for attorney's fees, costs, and expenses.

4. In the event that any payments described in Paragraph 3 are not received by Plaintiffs' counsel within the time frame set forth above, Plaintiffs' counsel shall notify Il Fornello's counsel, Jeffery A. Meyer, Kaufman Dolowich & Voluck, LLP, via email at jmeyer@kdvlaw.com of said non-payment. If Il Fornello fails to cure said nonpayment within ten (10) days of receipt of said notice, the entire Settlement Amount shall be immediately due and owing, less any monies already paid by Il Fornello under this Agreement.

6

5. Il Fornello shall issue an IRS form W-2 to each Plaintiff for the portions of the Settlement Amount which constitute wages, and an IRS tax form 1099 to each Plaintiff for the remaining portions of the Settlement Amount. To effectuate the withholdings and deductions provided for in Paragraph 3, each Plaintiff shall provide Il Fornello with a completed tax form W-4 contemporaneously with the transmission of this executed Agreement. Plaintiffs' counsel will also be issued a tax form 1099 at the appropriate time. Plaintiffs agree to hold Il Fornello harmless, and indemnify Il Fornello from any payments Il Fornello may be required to make to any taxing authority, except for Il Fornello's portion of FICA and FUTA, resulting from the issuance of a form 1099 as a result of Plaintiffs' failure to pay any taxes related to said income.

~~6. Plaintiffs promise and represent that they will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative body and will also withdraw with prejudice all judicial actions, including this Action, and as well as any and all other lawsuits, claims, demands or actions pending against Il Fornello and Releasees, both individually and in their/its official capacities. Plaintiffs will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against Il Fornello or any of the Releasees as they acknowledge no valid basis for filing such a claim. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn or are filed due to circumstances beyond the control of Plaintiffs, they promise and represent that they will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceedings connected with or resulting from such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiffs will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Nothing herein~~

7

~~shall prevent Plaintiffs from filing a charge of discrimination with any agency or cooperating with an investigation by an agency; however, this Agreement shall bar them from receiving monetary compensation in connection therewith.~~

7.  Plaintiffs acknowledge that they have received sufficient consideration as set forth in this Agreement. Plaintiffs expressly acknowledge that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

8.  Plaintiffs acknowledge that they have been paid in full for all time worked and, other than the payments described in Paragraph 3 of this Agreement, are owed no other forms of compensation, including, but not limited to, any wages, tips, overtime, minimum wage, spread of hours pay, call-in pay, vacation or sick pay, accrued benefits, bonus or commission.

~~9.  Plaintiffs represent that they will keep the terms of the Settlement Agreement STRICTLY CONFIDENTIAL, and will not disclose the same to any other person or entity. Plaintiffs may disclose the terms of this Agreement solely to members of Plaintiffs' immediate families, their attorney(s), or their financial advisor(s) for tax purposes or financial planning. Said family member(s), attorney(s) and financial advisor(s) shall also be obligated to keep the terms of this Agreement confidential. Any breach of this confidentiality provision by Plaintiffs or said individuals shall constitute a material breach of this Agreement by the Plaintiffs. In addition, Plaintiffs may disclose the existence and terms of the Settlement Agreement in an action to enforce the Settlement Agreement, or as otherwise required by law.~~

8

10. Plaintiffs agree that they shall not make any: (a) statement, written, oral or electronic, which in any way disparages Il Fornello, any employee Plaintiffs know to be employed by Il Fornello, or Il Fornello's business practices; or (b) negative statement, written, oral or electronic, about Defendant, any employee Plaintiffs know to be employed by Il Fornello, or Il Fornello's business practices. Plaintiffs agree to take no action which is intended, or would reasonably be expected, to harm the Il Fornello or their reputation or which would reasonably be expected to lead to unwanted or unfavorable publicity to the Il Fornello.

11. The Parties agree that, in an action arising from any alleged breach by Plaintiffs of the Agreement, in addition to any remedies available to Il Fornello in law or equity for a breach thereof, if the Defendants are prevailing parties, the Defendant(s) shall be entitled to receive from the breaching Plaintiff liquidated damages in the amount of their respective share of the Settlement Amount, as well as Il Fornello's costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s). In the event an action is brought arising from any alleged breach of the Agreement, the prevailing party shall be entitled to its costs and expenses, including reasonable attorney's fees.

12. The Parties acknowledge that this Agreement does not constitute an admission by Il Fornello of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by Il Fornello that Plaintiffs' claims have merit.

13. This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

14. Plaintiffs acknowledge that they have not divested, hypothecated, or otherwise bargained away any interest they possess in their purported claims. Plaintiffs acknowledge and represent that they know of no other person or entity that holds a remunerative interest in any plausible legal claims they could assert, and Plaintiffs acknowledge and represent that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiffs.

15. This settlement is based upon a good faith determination between Plaintiffs and Il Fornello to resolve a disputed claim. Plaintiffs and Il Fornello have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. Sec. 1395y(b). Plaintiffs and Il Fornello resolved this matter in compliance with both state and federal law and made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms. Plaintiffs will have the sole responsibility to satisfy any lien or claim asserted against the Settlement Amount or arising from the settlement, including any potential future lien by Medicare and/or Medicaid (CMS/DSS/HRA). Plaintiffs will indemnify, defend, and hold Releasees and/or Releasees' insurers harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages, including multiple damages from Releasees and/or Releasees' insurers relating to payment by such governmental entity, or anyone acting on behalf of such governmental entity, relating to a Plaintiff's alleged injuries, claims or lawsuit, said Plaintiff(s) will defend and indemnify Releasees and/or Releasees' insurers, and hold Releasees and/or Releasees' insurers harmless from any and all such damages, claims, liens, Medicare conditional payments and rights to payment, including any attorneys' fees sought by such entities.

16. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation.

17. The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

18. This Agreement may only be modified, altered or changed in writing, signed by the Parties.

19. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The Parties agree any Court of competent jurisdiction within the State of New York over this Agreement will have jurisdiction over this Agreement.

20. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement be executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to counsel for Il Fornello, Jeffery A. Meyer, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797; (516) 681-1100; facsimile (516) 681-1101, jmeyer@kdvlaw.com, and counsel for Plaintiffs, Justin Reilly, Esq., Neil H. Greenberg & Associates, P.C., 900 Merchants Concourse, Suite 314, Westbury, New York 11590; (516) 228-5100; facsimile (631) 756-0547, justin@nhglaw.com.

11

21. Plaintiffs represent that they have been advised to consult legal counsel regarding this Agreement prior to their execution of the same. Plaintiffs further represent that they have been provided the opportunity of at least twenty-one (21) days to review this Agreement, and that to the extent they executes this Agreement before that twenty-one (21) day period expires, they freely and voluntarily elects to forgo waiting twenty-one (21) days prior to their execution of the Agreement. Plaintiffs fully understand all of the provisions of this Agreement and are executing same freely and voluntarily. Plaintiffs further understand that they can revoke their acceptance by communicating their revocation in writing, so as to be received by counsel for Il Fornello within seven (7) days of their execution of the Agreement in accordance with the notice provisions in Paragraph 20.

[THIS SPACE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, Plaintiffs and Il Fornello have duly executed this Settlement Agreement and General Release freely and voluntarily.

_Alfredo Velasquez_
ALFREDO VELAZQUEZ

STATE OF NEW YORK }
} S.S.
COUNTY OF Nassau }

On Oct 19, 2015, before me personally came Alfredo Velazquez, to me known, and known to me to be the individual described in, and who executed the foregoing Confidential Settlement Agreement and General Release, and duly acknowledged to me that they executed the same.

_____
NOTARY PUBLIC

[Notary seal: CATALINA ROMAN, No. 01RO6242240, Exp. 05/31/19, NASSAU COUNTY, STATE OF NEW YORK]

_____
PEDRO CASTILLO

STATE OF NEW YORK }
} S.S.
COUNTY OF Nassau }

On Oct 21, 2015, before me personally came Pedro Castillo, to me known, and known to me to be the individual described in, and who executed the foregoing Confidential Settlement Agreement and General Release, and duly acknowledged to me that they executed the same.

_____
NOTARY PUBLIC

[Notary seal: CATALINA ROMAN, No. 01RO..., Exp. 05/31/19, NASSAU COUNTY, STATE OF NEW YORK]

13

_Elisa Zitoli_
Il Fornello, LLC
By: Elisa Zitoli
Title: Owner

STATE OF NEW YORK    }
                     }S.S.
COUNTY OF  NASSAU    }

On __10/23__, 2015, before me personally came __ELISA ZITOLI__, and acknowledged himself or herself to be an officer of Il Fornello, LLC, and that they or she, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing their or her name for Il-Fornello, LLC.

_____
NOTARY PUBLIC

JEFFERY A. MEYER
Notary Public, State of New York
No. 02ME6131003
Qualified in Suffolk County
Commission Expires July 25, 2017

**14**